UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CROCETTA M. BORGESE,**<br><br>                               Plaintiff,<br>   -vs-<br><br>**CENTRAL CREDIT SERVICES, INC.,**<br><br>                               Defendant. | *Civil Action No.* _____ |

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

1. Plaintiff Crocetta M. Borgese brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### JURISDICTION & VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. Venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

4. The Plaintiff's cause of action under the TCPA is predicated upon the same facts and circumstances that give rise to the aforementioned federal cause of action under the FDCPA. As such, this Court has supplemental jurisdiction over the Plaintiff's TCPA cause of action pursuant to 28 U.S.C. §1367.

### PARTIES

5. Plaintiff Crocetta M. Borgese is a natural person residing in the County of Niagara, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Central Credit Services, Inc., (hereinafter "CCS") is a business corporation organized and existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by 47 U.S.C.§153(32).

9. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

10. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

11. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C.§153(22).

12. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C.§153(43).

13. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

14. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

15. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

16. That upon information and belief, someone by the name "Patricia A. Lesinski," (*correct spelling unknown*) allegedly incurred and later defaulted on a personal debt.  This debt will hereinafter be referred to as "the subject debt."

17. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

18. That Plaintiff Crocetta M. Borgese does not know anyone by the name "Patricia A. Lesinski."

19. That Plaintiff Crocetta M. Borgese does not have any legal obligation to pay the subject debt allegedly owed by Ms. Lesinski.

20. That upon information and belief, the alleged creditor of Ms. Lesinski employed Defendant CCS to attempt to collect the subject debt.

21. That on November 24, 2009, Defendant CCS called the Plaintiff's home telephone, wherein an artificial and/or prerecorded voice message was left on her answering machine, stating the following:

> **Discuss with you. This is not a solicitation. In order to protect your privacy a full disclosure of the nature of this call is available without you having to speak with a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives. This message is for Patricia Lesinski. We have an important matter to discuss with you. This is not a solicitation. In order to protect your privacy a full disclosure of the nature of this call is available without you having to speak with a representative. You can access the disclosure by calling 888-866-6484. After receiving the full disclosure, you will have the option to speak to one of our representatives.**

22. That on November 25, 2009, Defendant CCS called the Plaintiff's home two more times. The first telephone call delivered an artificial message similar to the one described in Paragraph 21 above on the Plaintiff's answering machine. Plaintiff Crocetta Borgese answered the Defendant's second telephone call.

23. That upon answering the Defendant's second telephone call, described in Paragraph 22 above, an automated system using an artificial voice to deliver a message instructed Plaintiff Crocetta Borgese to "press three" if Defendant had improperly called the wrong telephone number. In accordance with this instruction, Mrs. Borgese pressed the number three on her telephone keypad and the call was soon thereafter disconnected.

24. That on November 27, 2009, Defendant CCS again called the Plaintiff's telephone using an artificial message. Plaintiff Crocetta Borgese again answered the aforementioned telephone call, and again in accordance with the artificial message delivered by CCS, pressed the number "three" on her telephone keypad to notify Defendant that they were calling the wrong number.

25. That on November 30, 2009, the scenario described in Paragraph 24 above occurred yet again, despite the Plaintiff's earlier attempts to use the Defendant's own procedure for notifying the same that they were calling the wrong telephone number to reach Patricia Lesinski.

26. That on December 1, 2009, Defendant CCS again called and left an artificial and/or prerecorded message on the Plaintiff's telephone answering machine for Patricia Lesinski.

27. That on December 2, 2009, Defendant CCS again called the Plaintiff's home telephone. Plaintiff Borgese answered the telephone call, and again pressed the number three to notify Defendant that they were calling the wrong number and the call was disconnected.

28. That Plaintiff Borgese, fearing that the Defendant's own instructions for terminating the erroneous artificial telephone calls were deficient, immediately called the telephone number left by Defendant CCS for Patricia Lesinski to call.  The telephone number dialed, however, only connected Plaintiff to a recording that repeatedly stated, "If you would like to make a call…"

29. That Plaintiff Crocetta Borgese immediately tried dialing Defendant CCS's telephone number again, but was yet again directed to the same recording described in Paragraph 28 above.

30. That on December 3, 2009, December 9, 2009 and January 4, 2010, Defendant CCS again called Plaintiff Borgese's telephone and delivered an artificial and/or prerecorded message requesting that Patricia Lesinski return their telephone call.

31. That upon information and belief, Defendant CCS is continuing to cause the Plaintiff's telephone to ring without a legitimate basis for doing so, though the Defendant appears to have stopped leaving messages and instead disconnects its calls before the Plaintiff's telephone is answered.

32. That as a result of Defendant's unlawful conduct, Plaintiff Borgese has became very frustrated, annoyed and has otherwise suffered from emotional distress.

## FIRST COUNT - FAIR DEBT COLLECTION PRACTICES ACT

33. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act, as follows:

34. That Defendant violated 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) and 15 U.S.C. §1692f by repeatedly causing the Plaintiff's telephone to ring with the intent to annoy, abuse and harass, despite the fact that Defendant had no legal or practical basis for placing such calls and was otherwise repeatedly placed on notice that they were contacting the wrong party.

35. That as a result, Plaintiff became very frustrated, aggravated, upset, angered, anxious and otherwise suffered from emotional distress.

## SECOND COUNT - TELEPHONE CONSUMER PROTECTION ACT

36. The aforementioned acts and omissions of the Defendant have violated the Telephone Consumer Protection Act of 1991, as follows:

37. Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone

calls to the Plaintiff's home telephone using an artificial and/or prerecorded voice to deliver messages without having a lawful basis and/or the consent of Plaintiff to leave such messages.

38. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, justification or excuse.

39. The acts and/or omissions of Defendant at all times material and relevant hereto were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

40. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused the Plaintiff to sustain damages as a result of their repeated telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home.

41. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto caused the Plaintiff to sustain damages and experience emotional distress.

42. As a causally-direct and legally proximate result of the above violations of the TCPA, Defendant at all times material and relevant hereto is liable for actual damages, statutory damages, treble damages, as well as costs and reasonable attorneys' fees.

43. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling her to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).  As of the date of this filing, Defendant is believed to have made at least ten (10) unlawful telephone calls to the Plaintiff, entitling her to a minimum of Five Thousand Dollars and No Cents ($5,000.00).

44. Defendant CCS caused said telephone calls, of an artificial and/or prerecorded nature, to be placed willfully and/or knowingly, which is evidenced by the fact that Defendant fails to maintain procedures it proclaims to maintain in order to prevent/stop the erroneous placement of artificial calls, thus entitling Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).   Because Defendant CCS is believed to have placed at least ten (10) willful/knowing unlawful artificial telephone calls to the Plaintiff's telephone, she is entitled to recover a minimum of Fifteen Thousand Dollars and No Cents ($15,000.00).

**WHEREFORE**, Plaintiff Crocetta Borgese respectfully requests that judgment be entered against Defendant CCS for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

    (c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

    (d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (e) For such other and further relief as may be just and proper.

Date: February 1, 2009

/s/ Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520